1  DANIELLE M. CRIONA (SBN 204074)
   dcriona@roll.com
2  MICHAEL M. VASSEGHI (SBN 210737)
   mvasseghi@roll.com
3  ROLL LAW GROUP PC
   11444 West Olympic Boulevard
4  Los Angeles, California 90064-1557
   Telephone:  (310) 966-8400
5  Facsimile:  (310) 966-8810

6  Attorneys for PLAINTIFF
   POMWONDERFUL LLC
7

```
        FILED
CLERK, U.S. DISTRICT COURT

     APR 1 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

8                 **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10                    CV13- 02745 MRP(MANx)

11 | POMWONDERFUL LLC, a Delaware     | Case No.
      limited liability company,

12 |              Plaintiff,          | **COMPLAINT FOR:**

13 |                                  | **FEDERAL TRADEMARK
                                         INFRINGEMENT; VIOLATION OF**
14 |    vs.                           | **THE LANHAM ACT § 43(A);
                                         FEDERAL TRADEMARK**
15 |                                  | **DILUTION; UNFAIR
                                         COMPETITION UNDER**
16 | MOM BRANDS COMPANY, a            | **CALIFORNIA BUSINESS &**
      Minnesota corporation; and DOES 1  **PROFESSIONS CODE § 17200 ET**
17 | through 10,                      | **SEQ.; CALIFORNIA COMMON
                                         LAW UNFAIR COMPETITION.**
18 |              Defendants.

19 |                                  | **DEMAND FOR TRIAL BY JURY**

20

21

22

23

24

25

26

27

28

{073290.1}

Plaintiff POMWonderful LLC hereby alleges as follows:

## **PARTIES**

1. Plaintiff POMWonderful LLC ("POM") is a Delaware limited liability company with its principal place of business located at 11444 West Olympic Boulevard in Los Angeles, California 90064. POM produces, markets, sells and distributes pomegranate and pomegranate extract products worldwide in connection with its highly distinctive POM® Brand including, but not limited to, fresh fruit, fresh and freeze dried pomegranate arils (seeds), juices, teas, and dietary supplements.

2. POM is informed and believes that Defendant Mom Brands Company ("MBC") is a Minnesota corporation with its principal place of business at 80 South 8th Street, Suite 2700, Minneapolis, Minnesota 55402. POM is informed and believes that MBC is involved in the manufacture and sale of a dozen different brands of packaged cereal, including "Mom's Best Cereals", "Bear River Valley"; "Three Sisters"; "Farina Mills"; and "Sally's Natural Cereals".

3. POM is informed and believes that MBC sells a product called BLUE POM WHEAT-FULS under its "Mom's Best Cereals" brand and a product called BLUE POM TUMBLE WHEATS under its "Bear River Valley" brand in the United States.

4. POM is informed and believes that MBC also sells a product called BLUE POM BUNDLES under its "Sally's Natural Cereals" brand but that this product is sold only in Canada at this time. Should MBC commence selling BLUE POM BUNDLES in the United States during the course of this case, POM will include BLUE POM BUNDLES as an infringing product subject to this Complaint since its sale would then be within this Court's jurisdiction.

5. POM is not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants. POM will amend this Complaint to allege the true names and

1 │ capacities of these fictitiously named Defendants when their identities are

2 │ ascertained.

3 │      6.     POM is informed and believes, and based thereon alleges, that

4 │ Defendant MBC and each of the fictitiously named Doe Defendants (collectively,

5 │ "Defendants") were in some manner responsible for the acts alleged herein and the

6 │ harm, losses and damages suffered by POM as alleged hereinafter.  POM is also

7 │ informed and believes, and based thereon alleges, that while participating in such

8 │ acts, each Defendant was the agent, principal, and/or alter ego of the other

9 │ Defendants, and was acting in the course and scope of such agency and/or acted

10 │ with the permission, consent, authorization or ratification of the other Defendants.

11 │      7.     As described further below, POM is informed and believes, and based

12 │ thereon alleges, that Defendants conduct business and distribute their products in

13 │ California, within this Court's jurisdiction in Southern California and in the greater

14 │ Los Angeles area.

15 │ **JURISDICTION AND VENUE**

16 │      8.     This action arises, in part, under the Lanham Act, as amended, 15

17 │ U.S.C. §§ 1114 and 1125, California Business and Professions Code § 17200 et

18 │ seq., and California common law.  This Court has subject matter jurisdiction over

19 │ this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the

20 │ Lanham Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original

21 │ jurisdiction of trademark claims and unfair competition claims related to same) and

22 │ 28 U.S.C. § 1367 (supplemental jurisdiction).

23 │      9.     POM is informed and believes, and based thereon alleges, that venue is

24 │ proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) because a

25 │ substantial part of the events giving rise to the claims occurred in this District.

26 │ Additionally, POM is informed and believes, and based thereon alleges, that the

27 │ Court has personal jurisdiction over Defendants because Defendants conduct their

28 │ ordinary business activities in this District, have focused a substantial portion of

1    their unlawful conduct in Los Angeles County within this District, have distributed,

2    and sought to distribute, infringing products in this District, and generally engage in

3    business in this District and the greater Los Angeles area.

4                    **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5    **I.    THE POM® BRAND**

6          10.    POM began producing, selling and marketing its pomegranate products

7    in 2001.

8          11.    Since 2001, POM has marketed its products in interstate commerce in

9    connection with a family of highly distinctive trademarks which is comprised of, or

10   includes, the term POM (collectively, the "POM® Brand").

11         12.    The POM® Brand has been used in connection with fresh fruit since

12   2001, with beverages since 2002, and with concentrated juice extract and related

13   products since 2009.  Attached as Exhibit A are examples of the products POM has

14   sold in connection with its POM® Brand.

15         13.    POM has invested millions of dollars in the creation, development,

16   production, marketing and sales of the POM® Brand and its products.  The POM®

17   Brand of juice has become the bestselling brand of pomegranate juice in the United

18   States, having sold over 150 million bottles since 2002.

19         14.    The POM® Brand is a unique food and beverages brand whose name is

20   associated with integrity, quality, purity of taste and naturalness of its products as

21   well as associated with caring about the health of its consumers.

22   **II.   THE POM® BRAND INTELLECTUAL PROPERTY**

23         15.    POM owns numerous trademark registrations and pending applications

24   in the United States and around the world for the trademarks it uses in connection

25   with the marketing, distribution and sale of its POM® Brand products in interstate

26   commerce.  The POM® Brand trademarks are used in connection with various

27   goods including, but not limited to, fresh pomegranate fruit, fresh and freeze-dried

28   / / /

1  arils (pomegranate seeds), pomegranate juice as well as products which contain fruit

2  juice or fruit juice extracts such as teas and dietary supplements.

3       16.    POM products are not sold under the POM® Brand alone.  POM not

4  only sells its products to the general consuming public, it also sells ingredients such

5  as pomegranate extract, pomegranate concentrate and arils to food and dietary

6  supplement manufacturers for inclusion in their products – either with or without

7  licensed use of the POM® Brand.  For instance, POM's freeze-dried arils are found

8  in "Almond Accents," an almond based salad topping product, and will soon be

9  found in nutritional snack bars, instant oatmeal and cereals.

10       17.    POM has numerous trademarks registered with the United States Patent

11  and Trademark Office.  The POM registered trademarks include, but are not limited

12  to: POM (Reg. Nos. 2637053); POM & Design (Reg. No. 3047447); POM

13  WONDERFUL (Reg. Nos. 2640835 and 3687491);  POM WONDERFUL &

14  Design (Reg. Nos. 2864641, 2780314 and 3687492); POM TEA (Reg. No.

15  3411595); LIGHT POM TEA (Reg. No. 3391707);  LIGHT POM TEA & Design

16  (Reg. No. 3411596); POM IN A PILL (Reg. No. 3337435); POM IN A PILL &

17  Design (Reg. No. 3332875); POM POWER (Reg. No. 2944481); POMx (Reg. Nos.

18  3562516 and 3674405); POMx & Design (Reg. No. 3562517 and 3791124); POMx

19  SHOTS (Reg. No. 3667882); POMX SHOTS (Reg. No. 3667882); POWERED BY

20  POMx (Reg. No. 3208934); and POMEGRANATE & Design (Reg. No. 3436526)

21  (collectively, the "POM Marks").

22       18.    POM's registrations are valid and subsisting, and POM owns all right,

23  title and interest to the POM Marks.  Registration Nos. 2637053, 2640835, 2780314,

24  2864641 and 3047447 are incontestable pursuant to 15 U.S.C. Section 1065.

25  Attached hereto as Exhibit B are printouts of the registration certificates for the

26  POM Marks.

27       19.    Defendants had constructive notice of POM's rights in its federally

28  registered trademarks under 15 U.S.C. Section 1072, which states: "Registration of a

1  mark on the principal register provided by this Act or under the Act of March 3,

2  1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's

3  claim of ownership thereof." POM's registered, pending, and common law

4  trademarks constitute a family of marks.

5      20.    Defendants also had actual notice of POM's rights when they received

6  POM's letter to Defendants advising them of POM's rights on May 3, 2012, after

7  which POM and MBC had several unsuccessful discussions to resolve this issue.

8      21.    POM has devoted a great deal of time, money and resources to develop

9  and market its products in connection with its POM® Brand. Because of this, there

10  is substantial goodwill associated with the POM Marks and POM® Brand.

11     22.    The POM Marks are used uniformly and consistently in every product,

12  advertisement, and promotion in connection with POM® Brand products. POM, its

13  distributors, and its distributors' customers, both nationally and internationally, have

14  continuously and exclusively used the POM Marks to distinguish themselves as the

15  source of goods and services in connection therewith.

16     23.    The POM Marks were custom designed to be distinctive, innovative

17  and recognizable to consumers so that the POM Marks would act as a source-

18  identifier. Because of this, the POM Marks are inherently distinctive. In the

19  alternative, because of POM's exclusive and extensive use, the POM Marks have

20  acquired secondary meaning and distinctiveness, becoming extremely well known to

21  the consuming public as identifying and distinguishing POM exclusively and

22  uniquely as the source of products to which the POM® Brand is applied.

23     24.    POM's substantial investment has paid off, as the POM Marks are

24  widely recognized as a source-identifier for POM® Brand products. By virtue of

25  the combination of the popularity of goods sold in connection with the POM®

26  Brand, POM's advertising and promotion of the POM® Brand, and POM's

27  diligence in maintaining high standards of quality, POM has built and owns an

28  / / /

1  extremely valuable goodwill which is symbolized by, and associated with its highly

2  distinctive POM® Brand.

**III.   MARKETING AND PROMOTION OF THE POM® BRAND**

4      25.    POM has pursued direct marketing efforts to grocery, club, gourmet

5  food, other specialty stores as well as restaurants, and other on-premise locations

6  throughout the world.

7      26.    POM also sponsors many events such as the LA Marathon; Nike

8  Women's Marathon; DC Triathlon; the NYC Triathlon; Cart for a Cause (benefiting

9  Meals on Wheels); Best Buddies Challenge (benefiting Best Buddies); GLAAD

10  Media Awards (benefiting Gay and Lesbian Alliance Against Defamation);  and the

11  New York City Wine and Food Festival (benefiting Share Our Strength).  Attached

12  as Exhibit C are photographs which illustrate some of POM's charitable efforts.

13      27.    POM has invested in the POM® Brand, spending millions of dollars

14  worldwide in the marketing, advertising, sales and promotion of the POM® Brand

15  products.  Attached as Exhibit D are examples of POM's advertising in the United

16  States.

17      28.    In late 2010, POM began its first television advertisement campaign for

18  the POM® Brand.  POM's television commercials have aired not only in the United

19  States, but also in Canada, France, the United Kingdom and the Netherlands thus

20  far.

21      29.    In the United States, POM's television commercials were featured on

22  networks such as ABC, NBC and CBS and aired during a variety of shows such as

23  Grey's Anatomy, Top Chef and 30 Rock.

24      30.    POM believes that its success is due to the quality, purity and taste of

25  its products and to the highly distinctive, innovative and recognizable POM Marks.

26  The POM® Marks have become famous and are now recognized as an indicator of

27  POM's high-quality pomegranate products and as a source-identifier of those

28  products.

## IV.   DEFENDANTS' "BLUE POM WHEAT-FULS" AND "BLUE POM TUMBLE WHEATS" PRODUCTS

31.    Notwithstanding POM's rights in the POM Marks, and with constructive and actual notice of POM's rights, Defendants are intentionally and willfully advertising, distributing, and selling a product that infringes and dilutes the POM Marks.

32.    Defendants have sold and continue to sell a cereal product called "BLUE POM WHEAT-FULS" and a second cereal product called "BLUE POM TUMBLE WHEATS" (collectively the "Infringing POM Cereals") in interstate commerce.  Attached as Exhibit E is a photocopy of an images of the packaging for the Infringing POM Cereals.

33.    Defendants' Infringing POM Cereals infringe and dilute the POM Marks by causing a likelihood of confusion with the POM Marks, and causing a likelihood of dilution by blurring the distinction between POM and Defendants.

34.    By copying and using the POM Marks, Defendants are intentionally trading on the substantial goodwill created by POM.  Defendants' use of "pom" with the Infringing POM Cereals creates a likelihood of confusion, mistake, and deception as to Defendants' affiliation, connection, and/or association with POM among consumers and the trade.

35.    These unauthorized uses by Defendants also dilute the POM Marks by blurring the distinction between POM and Defendants.

36.    POM has never authorized or consented to any such use by Defendants of the POM Marks.

37.    Defendants' unauthorized actions and blatant use of the POM Marks constitute trademark infringement, false designation of origin, trademark dilution, and unfair competition under the laws of the United States and the State of California.

/ / /

## V.   DEFENDANTS' ACTIONS ARE INTENTIONAL AND WILLFUL

38.   POM is informed and believes, and based thereon alleges, that Defendants intentionally designed the packaging of their Infringing POM Cereals to prominently feature the inherently distinctive POM Marks made famous by POM.

39.   On April 4, 2012, Defendants filed an application with the United States Patent and Trademark Office ("USPTO") to register the trademark "BLUE POM WHEAT BISCUITS".  After receiving a "cease and desist" letter from POM, Defendants claimed that they were not using "pom" as a trademark and subsequently abandoned this registration on May 29, 2012.  By engaging in the process of filing an application to register a trademark containing "pom", Defendants had the opportunity to be fully aware of the extent and scope of POM's rights in the POM Marks.  Despite this, Defendants either chose to name products containing the term "pom" or made no effort to change the name of their Infringing POM Cereals.

40.   POM is also informed and believes, and based thereon alleges, that Defendants use the inherently distinctive POM Marks in commerce to intentionally cause a likelihood of confusion between Defendants' infringing product and POM's product, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with POM.

41.   POM is further informed and believes, and based thereon alleges, that by intentionally misappropriating the POM Marks, Defendants are causing customer confusion in the marketplace.

42.   POM is informed and believes, and based thereon alleges, that Defendants have willfully and knowingly infringed the inherently distinctive POM Marks with knowledge of POM's rights and in an intentional attempt to target consumers who are familiar with the POM® Brand by creating the impression of an

/ / /

1  association between Defendants and POM or an endorsement by POM of

2  Defendants' goods.

3      43.    POM is informed and believes, and based thereon alleges, that

4  Defendants have willfully and knowingly diluted the POM Marks by, among other

5  things, blurring the distinction between POM and Defendants.

6      44.    The natural, probable and foreseeable result of the intentional, willful

7  and wrongful conduct of Defendants has been to deprive POM of business and

8  goodwill, and to injure POM's goodwill, reputation and relationships with existing

9  and prospective customers by infringing the POM Marks, and diluting the POM

10 Marks by causing customers to associate the POM® Brand with the Infringing POM

11 Cereals products thereby blurring the distinction between POM and Defendants.

12     45.    POM is further informed and believes, and based thereon alleges, that it

13 has lost or will lose revenues from the sale of the inherently distinctive POM®

14 products and potential revenue from licensing and co-branding opportunities  and

15 has sustained and will sustain damages as a result of Defendants' wrongful conduct

16 in selling, marketing and distributing the Infringing POM Cereals.

17     46.    POM is further informed and believes, and based thereon alleges, that

18 Defendants have been unjustly enriched by their sale and marketing of the

19 Infringing POM Cereals.

20     47.    Defendants' conduct is the result of willful and wanton disregard of

21 POM's established and superior rights.  Defendants adopted and used, and continue

22 to use, the POM Marks without authorization and with full knowledge of POM's

23 superior rights and despite having been put on notice.  POM has suffered, and will

24 continue to suffer, irreparable injury as a result of Defendants' unlawful actions and

25 has no adequate remedy at law.  POM is therefore entitled to injunctive relief.

26 / / /

27 / / /

28 / / /

## FIRST CLAIM FOR RELIEF

(Trademark Infringement Pursuant to 15 U.S.C. § 1114)

48.     POM incorporates by reference Paragraphs 1 through 47 above as though fully set forth herein.

49.     Defendants' BLUE POM WHEAT-FULS and BLUE POM TUMBLE WHEATS products infringe and dilute the POM Marks because their use of the POM Marks as part of their products' names, is likely to cause confusion, mistake, and deception with respect to the POM Marks.

50.     Defendants' imitation, copying, and unauthorized use in commerce of POM's federally registered trademarks is likely to cause confusion, mistake, or to deceive the consuming public and trade by creating the erroneous impression that Defendants' products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with POM.

51.     The imitation, copying, and unauthorized use of the POM Marks causes irreparable injury to POM, including injury to its business reputation and the goodwill associated with the POM Marks.

52.     By reason of the foregoing, Defendants have infringed POM's trademarks and have violated, and are continuing to violate, 15 U.S.C. Section 1114.

53.     POM has no adequate remedy at law for these injuries.  Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized use of the POM Marks, these injuries will continue to occur.  POM is entitled to an injunction restraining Defendants, their officers, agents, distributors and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. Section 1116.

54.     By reason of Defendants' willful acts of trademark infringement, POM is entitled to damages it has sustained and will sustain, and to have those damages trebled pursuant to 15 U.S.C. Section 1117.

/ / /

55.     This is an exceptional case making POM eligible for an award of attorneys' fees under 15 U.S.C. Section 1117.

56.     POM is further entitled to recover from Defendants any gains, profits and advantages unfairly obtained by Defendants as a result of their acts of infringement alleged herein.  At present, the amount of any gains, profits and advantages cannot be fully ascertained by POM.  POM is unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts at this time.

### SECOND CLAIM FOR RELIEF

(Trademark Infringement and False Designation of Origin
Pursuant to 15 U.S.C. § 1125(a))

57.     POM incorporates by reference Paragraphs 1 through 56 above as though fully set forth herein.

58.     Defendants' BLUE POM WHEAT-FULS and BLUE POM TUMBLE WHEATS infringe and dilute the POM Marks, and Defendants are falsely designating the origin of their brand because the use of the POM Marks as part of their products' names is likely to cause confusion, mistake, and deception with respect to the POM Marks.

59.     Defendants' use of the infringing trademarks has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with POM.

60.     These acts constitute trademark infringement of the POM Marks and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling POM to relief.

61.     By reason of Defendants' acts, POM is, and will continue to be, irreparably harmed if Defendants' conduct is not enjoined.  POM's remedy at law is not adequate to compensate it for the injuries inflicted, and POM is therefore entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

62.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

63.     Defendants have unfairly profited from the actions alleged and POM is therefore entitled to recover from Defendants the damages sustained as a result of Defendants' acts in violation of 15 U.S.C. Section 1125(a).  At present, POM is unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts.

64.     Further, because of the willful nature of Defendants' acts, POM is entitled to damages and to have those damages trebled pursuant to 15 U.S.C. Section 1117.

65.     This is an exceptional case making POM eligible for an award of attorneys' fees pursuant to 15 U.S.C. Section 1117.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution Pursuant to 15 U.S.C. § 1125(c))

66.     POM incorporates Paragraphs 1 through 65 above as though set forth fully herein.

67.     The POM Marks are inherently distinctive and famous under 15 U.S.C. Section 1125(c).

68.     Defendants' use of POM's inherently distinctive and famous POM Marks in commerce began long after the POM Marks became famous.

69.     BLUE POM WHEAT-FULS and BLUE POM TUMBLE WHEATS are likely to dilute and/or cause dilution of the famous POM Marks because, like POM's products, Defendants use of the term POM as part of their product name is likely to cause dilution of the POM Marks by blurring the distinction between POM and Defendants.

70.     Defendants' conduct is the result of willful and wanton disregard of POM's established and superior rights.  Defendants adopted, used and continue to

1  use the POM Marks without authorization and with full knowledge of POM's

2  superior rights, and despite having been put on notice.  POM has suffered, and will

3  continue to suffer, irreparable injury as a result of Defendants' unlawful actions and

4  has no adequate remedy at law.

5        71.  By reason of Defendants' acts, POM is, and will continue to be,

6  irreparably harmed if Defendants are not enjoined.  POM's remedy at law is not

7  adequate to compensate it for the injuries inflicted, and POM is therefore entitled to

8  entry of injunctive relief pursuant to 15 U.S.C. Sections 1125(c).

9        72.  Defendants have unfairly profited from their actions alleged herein, and

10  POM is therefore entitled to recover from Defendants the damages sustained as a

11  result of their acts in violation of 15 U.S.C. Section 1125(c).  At present, POM is

12  unable to ascertain the full extent of the monetary damages suffered by reason of

13  Defendants' acts.

14        73.  Further, because of the willful nature of Defendants' acts, POM is

15  entitled to damages and to have those damages trebled pursuant to 15 U.S.C.

16  Sections 1125(c) and 1117.

17        74.  This is an exceptional case making POM eligible for an award of

18  attorneys' fees pursuant to 15 U.S.C. Sections 1125(c) and 1117.

19  **FOURTH CLAIM FOR RELIEF**

20  (Unfair Competition and Unfair Business Practices Pursuant to
    Cal. Bus. & Prof. Code §§ 17200, 17500 et seq.)

21
22        75.  POM incorporates by reference Paragraphs 1 through 74 above as

  though fully set forth herein.

23
24        76.  Defendants' willful, knowing and unauthorized promotion,

25  advertisement, sale and offering for sale of infringing goods, causing confusion as to

26  the source of the goods and causing harm to POM's goodwill, consist of untrue and

27  misleading statements and constitute an unlawful appropriation of POM's exclusive

28  rights in its POM Marks as outlined herein.

{073290.1}               13

1     77.     Defendants have unlawfully appropriated POM's exclusive rights in its

2   POM Marks, infringing on POM's rights because, like POM's products, Defendants

3   use of the term POM as part of their product name infringes the POM Marks.

4     78.     By selling and offering for sale infringing goods and services,

5   Defendants are in violation of POM's proprietary rights.  Their conduct thereby

6   constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair

7   competition in violation of California Business & Professions Code Sections 17200,

8   17500 et seq.  The predicate acts comprising Defendants' unlawful, unfair,

9   deceptive and/or fraudulent trade practices or acts include, but are not limited to, the

10   violations of law more fully set forth herein.

11     79.     As a direct and proximate result of Defendants' wrongful conduct,

12   POM has suffered injury in fact, which losses include damage to POM's goodwill

13   with its existing, former and potential customers, actual confusion between

14   Defendants' infringing products and the POM products and dilution of the POM

15   Marks.

16     80.     These wrongful acts have proximately caused and will continue to

17   cause POM substantial injury, including loss of customers, dilution of goodwill,

18   confusion of existing and potential customers, injury to reputation, and diminution

19   of the value of POM's products.  The harm these wrongful acts will cause to POM is

20   both imminent and irreparable, and the amount of damage sustained by POM will be

21   impossible to ascertain if these acts continue.  As such, POM has no adequate

22   remedy at law.

23     81.     Pursuant to California Business & Professions Code Section 17203,

24   Defendants are required to disgorge and restore to POM all profits and property

25   acquired by means of Defendants' unfair competition with POM.

26     82.     Pursuant to California Business & Professions Code Section 17203,

27   POM is also entitled to a preliminary and permanent injunction restraining

28   / / /

{073290.1}                                     14
                                         COMPLAINT

1  Defendants, their respective officers, agents, employees, distributors and all persons

2  acting in concert with them, from engaging in further such unlawful conduct.

3  **FIFTH CLAIM FOR RELIEF**

4  (Violation of California Common Law Unfair Competition)

5  83.   POM incorporates Paragraphs 1 through 82 above as though set forth

6  fully herein.

7  84.   As set forth above, Defendants' willful, knowing and unauthorized

8  promotion, advertisement, sale and offering for sale of infringing goods, causing

9  confusion as to the source of the goods and causing harm to POM's goodwill,

10  consist of untrue and misleading statements and constitute an unlawful appropriation

11  of POM's exclusive rights in its POM Marks and constitutes unfair competition

12  under California common law.

13  85.   Defendants have unlawfully appropriated POM's exclusive rights in its

14  POM Marks, infringing on POM's rights.

15  86.   By reason of Defendants' conduct, POM has sustained and will

16  continue to sustain substantial injury, loss, and damage, as set forth above.

17  87.   Further irreparable harm and injury to POM is imminent as a result of

18  Defendants' conduct, and POM is without an adequate remedy at law.

19  88.   POM is therefore entitled to an injunction restraining Defendants, their

20  agents, employees, representatives, distributors and all persons acting in concert

21  with them, from engaging in further acts of unfair competition.

22  89.   POM is further entitled to recover from Defendants the damages

23  sustained by POM as a result of Defendants' acts of unfair competition.  POM is at

24  present unable to ascertain the full extent of the monetary damages it has suffered by

25  reason of Defendants' acts of unfair competition.

26  90.   Finally, POM is informed and believes, and based thereon alleges, that

27  Defendants' conduct has been intentional and willful and in conscious disregard of

28  POM's rights and, therefore, POM is entitled to exemplary or punitive damages

{073290.1}

1    under California Civil Code Section 3294 in an amount appropriate to punish

2    Defendants and to make an example of Defendants to the community at large.

3    **PRAYER FOR RELIEF**

4         WHEREFORE, POM prays for judgment against Defendants as follows:

5         1.    That the Court enter judgment against each Defendant that:

6              a.    Defendants infringed the rights of POM in their federally

7    registered trademarks in violation of 15 U.S.C. Section 1114;

8              b.    Defendants infringed POM's rights in the POM Marks in

9    violation of 15 U.S.C. Section 1125;

10             c.    Defendants diluted the trademarks of POM in violation of 15

11   U.S.C. Section 1125;

12             d.    Defendants engaged in unfair competition and deceptive acts and

13   practices in violation of California Business & Professions Code Sections 17200,

14   17500, et seq.; and

15             e.    Defendants engaged in unfair competition and deceptive acts and

16   practices in violation of California common law.

17        2.    That the Court enter judgment against each Defendant that the above

18   acts, 1(a)-(e), were willful and intentional, making this an exceptional case.

19        3.    That the Court issue a preliminary and permanent injunction enjoining

20   and restraining Defendants and their agents, servants, employees, successors,

21   assigns and all other persons acting in concert or in conspiracy with or affiliated

22   with Defendants from:

23             a.    Engaging in any infringing activity including advertising,

24   promoting, marketing, franchising, distributing, selling, and offering for sale any

25   goods or services in connection with the infringing product identified herein or any

26   product or mark similar to the POM Marks in any media, whether in person, in print

27   or by electronic or digital means including but not limited to newspapers,

28   magazines, bus shelters, billboards as well as via the Internet, including but not

1 | limited to, company websites, promotional websites, social media websites,
2 | YouTube or other video-related websites, food reviewing websites, blogs, email,
3 | SMS and the like; and

4 |         b.     Requiring Defendants to deliver up to POM for destruction any
5 | and all packaging, advertising and promotional materials in Defendants' possession,
6 | custody or control which contain the infringing products, marks, and/or designs, and
7 | any and all infringing products in their possession, custody or control which include
8 | the POM Marks.

9 |      4.     That the Court issue an Order at the conclusion of the present matter
10 | that all infringing products be recalled, seized, impounded and destroyed.

11 |      5.     That POM be awarded damages for Defendants' trademark
12 | infringement, for Defendants' trademark dilution, and for unfair competition under
13 | California common law.

14 |      6.     That POM be awarded all profits and restitution resulting from
15 | Defendants' infringement of POM's rights and by means of Defendants' unfair
16 | competition with POM.

17 |      7.     That Defendants be ordered to account for and disgorge to POM all
18 | amounts by which Defendants have been unjustly enriched by reason of the
19 | unlawful acts complained of.

20 |      8.     That damages resulting from Defendants' infringement under the
21 | Lanham Act be trebled due to Defendants' willfulness in accordance with the
22 | provisions of 15 U.S.C. Section 1117.

23 |      9.     That POM be awarded exemplary or punitive damages in an amount
24 | appropriate to punish Defendants and to make an example of the Defendants to the
25 | community.

26 |      10.     That, at POM's election, POM be awarded an amount sufficient to
27 | reimburse POM for the costs of corrective advertising.

28 |

1    11.    For pre-judgment interest on all infringement and other appropriate

2  damages.

3    12.    That the Court award POM its reasonable attorneys' fees pursuant to 15

4  U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable

5  provision of law.

6    13.    That the Court award POM its costs of suit incurred herein.

7    14.    For such other or further relief as the Court may deem just and proper.

8

9  DATED:  April 19, 2013            ROLL LAW GROUP PC

10

11

12                          By:    _M. Vasseghi_____

13                                 Michael M. Vasseghi
                                   Attorneys for PLAINTIFF
14                                 POMWonderful LLC

15

16

17                          **DEMAND FOR JURY TRIAL**

18    Plaintiff POMWonderful LLC hereby demands a jury trial in connection with

19  this action.

20  DATED:  April 19, 2013            ROLL LAW GROUP PC

21

22

23                          By:    _M. Vasseghi_____

24                                 Michael M. Vasseghi
                                   Attorneys for PLAINTIFF
25                                 POMWonderful LLC

26

27

28

# Exhibit A









































Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,047,447
Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

THE MARK CONTAINS THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER "O".

SER. NO. 76-553,991, FILED 10-6-2003.

KATHRYN COWARD, EXAMINING ATTORNEY

# Exhibit B

**Int. Cls.: 31 and 32**

**Prior U.S. Cls.: 1, 45, 46 and 48**

## United States Patent and Trademark Office

**Reg. No. 3,047,447**
Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB
   CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

   FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1
AND 46).

   FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

   FOR: FRUIT JUICES AND FRUIT JUICE CON-
CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

   FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

   THE MARK CONTAINS THE WORD POM WITH
A HEART DESIGN IN PLACE OF THE LETTER "O".

   SER. NO. 76-553,991, FILED 10-6-2003.

KATHRYN COWARD, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,637,053
Registered Oct. 15, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## POM

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRUIT JUICES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-245,687, FILED 4-24-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 2,640,835
Registered Oct. 22, 2002

## TRADEMARK
### PRINCIPAL REGISTER

# POM WONDERFUL

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-244,362, FILED 4-19-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# POM WONDERFUL

**Reg. No. 3,687,491**
Registered Sep. 22, 2009

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED WATER; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-628,764, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

44

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46 and 48

Reg. No. 2,864,641

**United States Patent and Trademark Office**   Registered July 20, 2004

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

   FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

   FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

   FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

   FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

   OWNER OF U.S. REG. NOS. 2,637,053, 2,780,314 AND OTHERS.

   THE MARK CONTAINS THE WORDS POM WONDERFUL, WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM".

   SER. NO. 76-534,468, FILED 8-4-2003.

   BARBARA GAYNOR, EXAMINING ATTORNEY

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,780,314
Registered Nov. 4, 2003

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

THE MARK CONTAINS THE WORD "POM", AND THE WORD "WONDERFUL" IN RED, THE SAME RED SHADE OF WHICH IS ALSO WITHIN THE HEART OF THE "POM".

SN 76-347,919, FILED 12-11-2001.

MARK T. MULLEN, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# P♥M
# WONDERFUL

**Reg. No. 3,687,492**
Registered Sep. 22, 2009

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORDS "POM WONDERFUL", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM".

*David J. Kappos*

Director of the United States Patent and Trademark Office

47

**Reg. No. 3,687,492** SN 78-628,813, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

**Reg. No. 3,411,595**
Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB
CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES
WITH POMEGRANATE FLAVORING, IN CLASS 30
(U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS
USED IN THE PREPARATION OF BEVERAGES,
PREPARATIONS FOR MAKING FRUIT DRINKS,
FRUIT FLAVORED BEVERAGES, NON-ALCOHOL-
IC BEVERAGES CONTAINING FRUIT JUICES,
NON-ALCOHOLIC BEVERAGES WITH TEA FLA-
VOR, LOW CALORIE FRUIT FLAVORED BEVERA-
GES, LOW CALORIE TEA FLAVORED
BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS
32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TEA", APART FROM THE MARK
AS SHOWN.

SER. NO. 77-249,106, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

## United States Patent and Trademark Office

Reg. No. 3,391,707

Registered Mar. 4, 2008

### TRADEMARK
### PRINCIPAL REGISTER

# LIGHT POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOL-IC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLA-VOR, LOW CALORIE FRUIT FLAVORED BEVERA-GES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,295, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

United States Patent and Trademark Office

**Reg. No. 3,411,596**
Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOL-IC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLA-VOR, LOW CALORIE FRUIT FLAVORED BEVERA-GES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,299, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 1 and 5

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,337,435
Registered Nov. 13, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POM IN A PILL

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-961,648, FILED 8-28-2006.

JAMES MACFARLANE, EXAMINING ATTORNEY

Int. Cls.: 1 and 5

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,332,875
Registered Nov. 6, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POM IN A PILL

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING PO-MEGRANATE EXTRACTS, FOR USE IN THE PRE-PARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUP-PLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTI-CALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDI-TIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LI-QUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARA-TIONS DERIVED FROM AND CONTAINING PO-MEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER O.

SN 78-969,991, FILED 9-8-2006.

JENNY PARK, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

**United States Patent and Trademark Office**

Reg. No. 2,944,481
Registered Apr. 26, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# POM POWER

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRUIT SMOOTHIES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-10-2003; IN COMMERCE 5-3-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,644,365, AND OTHERS.

SN 76-486,863, FILED 2-3-2003.

TRACY WHITAKER-BOWN, EXAMINING ATTORNEY

Int. Cls.: 5 and 29

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,674,405
Registered Aug. 25, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL REPLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-611,932, FILED 11-11-2008.

JANICE KIM, EXAMINING ATTORNEY

Int. Cls.: 1, 5, 30, and 32

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,562,517
Registered Jan. 13, 2009

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONALLY FORTIFIED BEVERAGES; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING PO-

MEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; DRUG DELIVERY AGENTS CONSISTING OF COMPOUNDS THAT FACILITATE DELIVERY OF PHARMACEUTICALS; NUTRITIONALLY ENHANCED WATER; VITAMIN ENHANCED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNECTED TO THE LETTER "M" IN THE WORD "POM".

SN 78-664,836, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,791,124**

**Registered May 18, 2010**

**Int. Cls.: 5 and 29**

**TRADEMARK**

**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL RE-PLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

OWNER OF U.S. REG. NOS. 3,047,447, 3,562,517, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNEC-TED TO THE LETTER "M" IN THE WORD "POM".

SN 77-674,156, FILED 2-19-2009.

TOBY BULLOFF, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

58

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,667,882

Registered Aug. 11, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# POMx SHOTS

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRACEUTICALS, NAMELY, NUTRA-CEUTICALS BEVERAGES FOR USE AS A DIETARY SUPPLEMENT; NUTRITIONALLY FORTIFIED BEVERAGES; NUTRITIONALLY FORTIFIED WATER; VITAMIN ENRICHED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053 AND 2,960,193.

SN 78-780,508, FILED 12-23-2005.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

## United States Patent and Trademark Office

Reg. No. 3,208,934

Registered Feb. 13, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POWERED BY POMx

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: TEA; PREPARED READY-TO-DRINK TEA; TEA-BASED PREPARATION FOR MAKING BEVERAGES; ICED TEA; TEA-BASED BEVERAGES WITH FRUIT FLAVORING; FRUIT TEA AND BEVERAGES MADE OF TEA, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED DRINKING WATER;

NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; SPORTS DRINKS; ENERGY DRINKS; LOW CALORIE NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-867,070, FILED 4-21-2006.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

Int. Cls.: **31 and 32**

Prior U.S. Cls.: **1, 45, 46, and 48**

**United States Patent and Trademark Office**

Reg. No. 3,436,526

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# Pomegranate

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-0-2002; IN COMMERCE 10-0-2002.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 11-0-2003; IN COMMERCE 11-0-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "POMEGRANATE", APART FROM THE MARK AS SHOWN.

THE MARK CONTAINS A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POMEGRANATE".

SN 76-556,753, FILED 10-22-2003.

HOWARD B. LEVINE, EXAMINING ATTORNEY

61

Int. Cls.: 1, 5, 30, and 32

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,562,516
Registered Jan. 13, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; NUTRITIONALLY FORTIFIED BEVERAGES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-664,816, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# Exhibit C



























# Exhibit D

# The power of POM POMS.

## Driving 74 million households to stores.

### POM POMS FSI:

**Timing**
January 13

**Circulation**
74 mm households

**SAVE 50¢**
on any (1) size



### Additional Support:



### PR
We'll tell nearly 1,000 print, broadcast and online media editors that POM POMS are available nationwide.



### In-Store
The largest merchandising team in category will place attention-getting POS at strategic points throughout the store.



### Digital
Blogger and social media outreach will engage consumers online and drive trial in-store.

©2012 PomWonderful LLC. All rights reserved. POM POMS WONDERFUL & Design and POM WONDERFUL & Design are trademarks of PomWonderful LLC. PF7898

| JOB NO.: PF7898 | TRIM: 8.5" x 11" | COLOR: 4/C PROCESS | DATE IN: 06-28-12 | CREATIVE: KM |
|---|---|---|---|---|
| PROJECT: PP_Teaser_SellSheet | LIVE: 8.25" x 10.75" | LIVE, TRIM, BLEED (DO NOT PRINT) | CLIENT SIGN OFF: 07-06-12 | PRODUCTION: AT |
| SCALE: 1:1 | BLEED: 8.75" x 11.25" | PRINTOUT SIZE: 100% | RELEASE DATE: 07-11-12 | PROOF: F |

**•PLEASE MARK ALL CHANGES ON INSITE DOCUMENT  •NO CHANGES ON PRINTED FLAT WILL BE MADE**



# Spoonful of savings.



Pop the lid and dig into savings on POM POMS fresh pomegranate arils. The spoon's included. So it's on-the-go goodness for you and your family.

**pomwonderful.com**

---

MANUFACTURER COUPON    EXPIRATION DATE: 3/31/2013



# SAVE 50¢

on one 4.3oz or 8oz package of POM POMS FRESH ARILS.
NOT SUBJECT TO DOUBLING. To learn more about POM POMS FRESH ARILS, visit pomwonderful.com.





CONSUMER: Maximum value $.50. Good only on products indicated. Cannot be combined or used in conjunction with any other coupon. Valid only in the U.S. Consumer must pay any sales tax. Void if sold, exchanged or transferred. Reproduction of this coupon is expressly prohibited. RETAILER: We will reimburse you the face value of this coupon, plus 8 cents handling provided you and the consumer have complied with the terms of this offer. Invoices proving purchase of sufficient stock of our brand to cover presented coupons must be shown on request. Any other application may constitute fraud. Coupon void where prohibited, taxed or restricted. Cash value 1/45 cent. Mail coupons to: PomWonderful LLC, CMS Dept. 24150, One Fawcett Drive, Del Rio, TX 78840. ©2013 PomWonderful LLC. All rights reserved. POM Wonderful & Design and POM POMS Wonderful & Design are trademarks of PomWonderful LLC. PA8632

0824150-001223

5  24150 40050  8

---

PA8632_PomPomsFSI_V1_F5.indd  1                                                    12/11/12  2:27 PM

| JOB NO.: PA8632 | TRIM: N/A | COLOR: 4/C PROCESS | DATE IN: 11-16-12 | CREATIVE: SP |
| PROJECT: PomPoms FSI – V1 – 1/13/13 | LIVE: 6.688"w x 9.125"h | LIVE, TRIM/BLEED (DO NOT PRINT) | CLIENT SIGN OFF: 12-11-12 | PRODUCTION: EM |
| SCALE: 1:1 | BLEED: N/A | PRINTOUT SIZE: 100% | RELEASE DATE: 12-11-12 | PROOF: F5 |



## 100% California-Grown Pomegranate Arils

SOURCE:  Neilsen Perishables Group FreshFacts®, 52 weeks ending 3/31/2012

PA7973_PomPomsSS_F.indd  2                                                                                                     7/11/12  3:51

| JOB NO.: PA7973 | TRIM: 11.0" x 17.0" flat* | COLOR: 4/C PROS | DATE IN: 7-10-12 | CREATIVE: AD |
|---|---|---|---|---|
| PROJECT: POM POMS – Sell Sheet | LIVE: –.125" | LIVE, TRIM, BLEED (DO NOT PRINT) | CLIENT SIGN OFF: 7-11-12 | PRODUCTION: EM |
| SCALE: 1 : 1 | BLEED: +.125" | PRINTOUT SIZE: 100% | RELEASE DATE: 7-11-12 | PROOF: F |

* 8.5" x 11.0" folded



# Ancient power.

## The antioxidant power of pomegranate juice.















PJ2760_1OGlideRackLbls_84x32_F.indd  2

12/8/09  3:30:41 PM

| JOB NO.: PJ2760 | TRIM: 84mm x 32.5mm | COLOR: Black/PMS1797 | DATE IN: 12-07-09 | CREATIVE: ?? |
| PROJECT: 2010 Glide Rack Label B | LIVE: na | LIVE, TRIM, BLEED (DO NOT PRINT) | CLIENT SIGN OFF: 12-08-09 | PRODUCTION: MS |
| SCALE: 1:1 | BLEED: 90mm x 38.5mm | PRINTOUT SIZE: 100% | RELEASE DATE: 12-06-09 | PROOF: R2 |

•PLEASE MARK ALL CHANGES ON INSITE DOCUMENT  •NO CHANGES ON PRINTED FLAT WILL BE MADE



# Exhibit E



